**UNITED STATES of America,**
**Appellee,**

v.

**Charles GOFFI, Defendant–Appellant.**

**No. 05–3329–CR.**

United States Court of Appeals,
Second Circuit.

Argued: Feb. 16, 2006.

Decided: May 4, 2006.

Molly Corbett, Assistant Federal Public Defender (Alexander Bunin, Federal Public Defender for the Northern District of New York, Timothy Austin, Assistant Federal Public Defender, of counsel), Albany, NY, for Defendant–Appellant.

Michael Olmsted, Assistant United States Attorney (Glenn T. Suddaby, United States Attorney for the Northern District of New York, Brenda K. Sannes, Assistant United States Attorney, of counsel), Syracuse, NY, for Appellee.

Before: KEARSE and SACK, Circuit Judges, and STANCEU,* Judge.

SACK, Circuit Judge.

## BACKGROUND

In November 1999, Charles Goffi entered into a plea agreement in the United States District Court for the Eastern of New York pursuant to which he agreed to plead guilty to a charge of embezzling money from the Federal Aviation Administration in violation of 18 U.S.C. § 641. On May 2, 2000, Goffi was sentenced principally to probation for five years and ordered to pay restitution.

On August 16, 2004, while still on probation for the federal offense, Goffi pleaded guilty in Saratoga County Court to State charges of First Degree Attempted Rape, Sexual Abuse/Sexual Contact With a Minor Less Than Eleven Years Old, and Course of Sexual Conduct Against a Child. On October 20, 2004, he was sentenced to ten years' imprisonment on the attempted rape charge, and to seven years' imprisonment on each of the other two charges, all to be served concurrently.

In a petition filed on December 16, 2004, the United States Probation Office informed the United States District Court for the Northern District of New York (Norman A. Mordue, *Judge*)[1] of Goffi's convictions and requested that his probation be revoked. On March 3, 2005, Goffi appeared before the district court and admitted to having violated the terms of his probation.

At a sentencing hearing held on March 10, 2005, the district court sentenced Goffi to 24 months' imprisonment for violation of probation, six months longer than the top of the range recommended by the applicable United States Sentencing Commission policy statement. The sentence was to run consecutively to Goffi's state sentence.

On appeal, Goffi argues that: (1) the district court erred in failing to provide a proper statement in support of its sentence as required under 18 U.S.C. §§ 3553(c) & (c)(2); and (2) the district court relied upon an incorrect understanding of the maximum term of imprisonment to which Goffi could be sentenced.

We affirm the substance of the judgment in its entirety, but for reasons that follow, we remand with instructions that the district court amend the written judgment to comply with 18 U.S.C. § 3553(c)(2).

## DISCUSSION

### I. Standard of Review

We generally review a sentence for which there are applicable policy state-

---

* The Honorable Timothy C. Stanceu, of the United States Court of International Trade, sitting by designation.

1. Subsequent to Goffi's plea of guilty on the embezzlement charge in the United States District Court for the Eastern District of New York, jurisdiction over Goffi for the purpose of probation supervision was transferred to the United States District Court for the Northern District of New York.

ments, such as a sentence imposed for a violation of probation, for "reasonableness." *See United States v. Lewis,* 424 F.3d 239, 243 (2d Cir.2005) (internal quotation marks omitted). Goffi failed to object to the district court's statement of reasons for his sentence. Irrespective of whether we therefore review the court's statement for "plain error" or for error alone, *see id.; United States v. Fuller,* 426 F.3d 556, 563, 565–66 (2d Cir.2005), Goffi's challenge fails.

## II. The District Court's Statement of Reasons

■ With respect to Goffi's argument that the district court erred in failing to provide a proper statement in support of its sentence as required under 18 U.S.C. § 3553(c), Goffi appears to contend that a district court is required to address in its sentencing statement all, or almost all, of the statutory sentencing factors set forth in 18 U.S.C. § 3553(a). We have said, however, that "we will no more require 'robotic incantations' by district judges than we did when the [Sentencing] Guidelines were mandatory." *United States v. Crosby,* 397 F.3d 103, 113 (2d Cir.2005). As Goffi acknowledges, the district court indicated that it "imposed a sentence of 24 months because of the criminal conduct that gave rise to the violation and the need to protect society." Appellant's Br. at 10. Although arguably a close case, we conclude that the district court's brief explanation, in these circumstances, was sufficient to meet the requirement that it "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c).

Goffi also argues that the district court's statement failed to comply with section 3553(c)(2), which requires that the district court state "the specific reason for the imposition of a sentence different from that described [in the applicable policy statement]." *Id.* § 3553(c)(2). He contends that the district court failed to comply with this provision because its statement reflected only consideration of "the potential for recidivism and the need to protect society" and did not demonstrate consideration of the other factors of section 3553(a). Appellant's Br. at 12.

But section 3553(c)(2) does not require that a district court refer specifically to every factor in section 3553(a). A statement of "the specific reason" for the imposition of a sentence different from that recommended suffices. *Cf. Fuller,* 426 F.3d at 566 (concluding that where "the District Court's statement was sufficient to provide [the defendant with] 'a platform upon which to build an argument [to the Court of Appeals] that his sentence is unreasonable[,]' *Lewis,* 424 F.3d at 249[,]" it was sufficient (alteration incorporated)). Here, the district court explained that it was sentencing Goffi to a term of imprisonment in excess of that recommended by the pertinent policy statement because of the seriousness of his offenses and the need to protect society. The district court thus explained "the specific reason for the imposition of a sentence different from that described." 18 U.S.C. § 3553(c)(2).

The district court failed, however, to comply with the requirement in section 3553(c)(2) that its reason or reasons for sentencing outside of the range in the applicable policy statement "be stated with specificity in the written order of judgment and commitment." *Id.* Although, as we have explained above, we conclude that the district court explained adequately its reasons for the sentence imposed upon Goffi, *see* Sentencing Transcript, Mar. 10, 2005, at 4, and we therefore do not disturb the conviction or the sentence, we remand solely for the court to amend its written

judgment to comply with section 3553(c)(2).[2]

### III. The Relationship Between Goffi's Sentence for Violation of Probation and His Original Sentence for Embezzlement

Goffi also contends that the district court's sentence was based on a mistake of law: the notion that it could sentence him to up to ten years' imprisonment, the statutory maximum for his underlying federal conviction for embezzlement, notwithstanding the United States Sentencing Guidelines range applicable to that conviction, which called for a sentence of 6–12 months' imprisonment. Goffi appears to argue that because he was sentenced before *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), was decided, absent a formal upward "departure," the district court could not sentence him to a longer term of imprisonment than the Guidelines range applicable to his underlying conviction without raising retroactivity concerns. He is mistaken. Long before *Booker*, a district court was allowed to sentence a defendant to a term of imprisonment for violation of probation in excess of the Guidelines range applicable to his underlying conviction without being required to "depart" from that range.

Pursuant to 18 U.S.C. § 3565(a), if a defendant violates a condition of probation, a district court may, after a hearing and consideration of the factors listed in 18 U.S.C. § 3553(a), "revoke the sentence of probation and resentence the defendant under subchapter A" of Chapter 227 of Title 18 of the United States Code. 18 U.S.C. § 3565(a)(2). "[S]ubchapter A," *id.* §§ 3551–3559, contains the general provisions of the United States Code applicable to criminal sentencing. Section 3551(b), contained within subchapter A, provides, *inter alia*, that an individual found guilty of an offense shall be sentenced "in accordance with the provisions of section 3553." *Id.* § 3551(b). Under section 3553(a), in determining a proper sentence for a probation violation, a sentencing court must consider a series of factors including "the applicable guidelines or policy statements issued by the [United States] Sentencing Commission." *Id.* § 3553(a)(4)(B). Although the Sentencing Commission could have chosen otherwise, it has opted to issue advisory policy statements rather than binding guidelines with respect to probation violations. *See* U.S.S.G. §§ 7B1.1–7B1.5; *United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir.1997) (noting that "Chapter Seven policy statements are merely advisory and non-binding").

The statutory scheme thus requires a sentencing court to consider a variety of factors, including the non-binding policy statements applicable to probation violations, in determining an appropriate sentence. Nowhere, however, does it require a court to sentence within the Guidelines range for the underlying conviction in determining punishment for separate and distinct malfeasance by the defendant—violation of probation. Circuit courts thus appear to have arrived at the unanimous view after 1994, but before *Booker*,[3] that a

**2.** While *Fuller* stated that "the District Court's failure to explain its departure in the written judgment does not provide a separate basis for remand in the circumstances presented" there, *Fuller*, 426 F.3d at 567, we do not think that that statement is contrary to our decision that in the circumstances of this case, it is the better course, while affirming the substance of the judgment of the district court, to return the case to the district court for the sole purpose of amending its written judgment to comply with section 3553(c)(2).

**3.** In 1994, Congress amended section 3565, which had stated that a district court may "impose any other sentence that was avail-

sentencing court may sentence a defendant who violates probation without being restricted by the original Sentencing Guidelines range applicable to his or her crime or a "departure" therefrom, subject at the upper end to the maximum statutory penalty that may be imposed for commission of the underlying offense. *See United States v. Tschebaum,* 306 F.3d 540, 544 (8th Cir.2002) ("Because the [Sentencing C]ommission has promulgated no guidelines addressing sentences following probation violations, we are of the view that when a defendant's probation is revoked a sentencing court should give attention to the policy statements found in chapter 7 of the sentencing guidelines and to the other considerations identified in § 3553(a), as applicable, and then sentence the defendant within the statutory limits for the original crime."); *United States v. Cook,* 291 F.3d 1297, 1300 (11th Cir.2002) ("[U]nder the plain language of § 3565(a)(2), as amended, a court is authorized to resentence a defendant without being restricted to the guideline range applicable at the time of the initial sentencing hearing; instead, a court must only comply with subchapter A in sentencing the defendant."); *United States v. Hudson,* 207 F.3d 852, 853 (6th Cir.) ("[W]hen assessing the penalty for a probation violation, the district court is not restricted to the range applicable at the time of the initial sentencing. Instead, the sentence need only be consistent with the provisions of subchapter A, the general provisions for sentencing set out at 18 U.S.C. §§ 3553 *et seq.*"), *cert. denied,* 531 U.S. 890, 121 S.Ct. 214, 148 L.Ed.2d 151 (2000); *United States v. Pena,* 125 F.3d 285, 287 (5th Cir.1997) ("Because there are no guidelines for sen-

tencing on revocation of probation, and because the district court was not limited to the sentencing range available at the time of the initial sentence, we find no error in the trial court's failure to employ the analysis normally required in departure case[s]."), *cert. denied,* 523 U.S. 1079, 118 S.Ct. 1527, 140 L.Ed.2d 678 (1998).

█ We agree with our sister circuits. Nothing in *Booker* requires a different result now. We therefore also conclude that if a defendant was sentenced to probation after *Booker,* a district court is not restricted to the Guidelines sentencing range applicable to a defendant's underlying federal offense when sentencing a defendant for a violation of probation being served for the underlying offense.

## CONCLUSION

We have considered Goffi's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the district court is affirmed, but the matter is nonetheless remanded to the district court with instructions that it amend the written judgment to comply with 18 U.S.C. § 3553(c)(2).

---

able under subchapter A at the time of the initial sentencing," to read that a court may "resentence the defendant under subchapter A," *see* Pub.L. No. 103–322, Title XI, § 110506, 108 Stat. 1796, 2017 (Sept. 13, 1994), suggesting that Congress intended to provide a court with discretion to sentence a probation violator without being restricted to the then-mandatory Guidelines applicable to the defendant's underlying conviction.