**UNITED STATES of America,**
**Appellee,**

v.

**Wanda L. NURSE, also known as**
**Wanda L. Wilson, Defendant–**
**Appellant.**

**No. 05–4976–CR.**

United States Court of Appeals,
Second Circuit.

Aug. 17, 2006.

Richard A. Reeve, Sheehan & Reeve, New Haven, CT, for Appellant.

Karen L. Peck, Assistant United States Attorney, (Kevin J. O'Connor, United States Attorney for the District of Connecticut, on the brief; William J. Nardini, Assistant United States Attorney, of counsel), New Haven, CT, for Appellee.

Present CHESTER J. STRAUB, ROSEMARY S. POOLER, and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

AFTER ARGUMENT AND UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the District Court be and it hereby is AFFIRMED.

In 1998, Defendant–Appellant Wanda L. Nurse was convicted after a jury trial in the United States District Court for the District of Connecticut (Ellen Bree Burns, *Judge*) of sixteen counts of fraud. On August 26, 1998, she was sentenced principally to seventy-two months' imprisonment followed by five years' supervised release. Nurse began her term of supervised release on November 14, 2003. She was arrested on August 11, 2005, for a number of violations of the conditions of her supervised release. In a hearing on September 7, 2005, Nurse conceded one of the violations. The Court sentenced her to a term of imprisonment of twenty-four months, which constituted an upward departure from the applicable range of seven to thirteen months suggested by policy statements of the United States Sentencing Guidelines. *See* U.S.S.G. § 7B1.4. We assume the parties' familiarity with the balance of the facts, the procedural history, and the scope of issues on appeal.

Nurse argues that in sentencing her, the District Court failed to articulate "specific reasons" for the upward departure, as required by 18 U.S.C. § 3553(c)(2).[1] Nurse did not object to the lack of specificity at

---

1. Nurse challenges only the District Court's failure to specify the reasons for upward departure at sentencing, and not the lack of specificity in the written judgment. We therefore do not address whether the written order complies with the requirements of section 3553(c)(2).

sentencing. We have not yet settled whether, in the absence of an objection, we review Nurse's claim for plain error or pursuant to a more relaxed standard. *See United States v. Goffi*, 446 F.3d 319, 321 (2006) (declining to decide whether "plain error" or "error alone" is the appropriate standard); *see also United States v. Molina*, 356 F.3d 269, 277 (2d Cir.2004) (reviewing a section 3553(c) challenge for "plain error"); *see also United States v. Sofsky*, 287 F.3d 122, 125–26 (2d Cir.2002) (reviewing a sentencing error "without insisting on strict compliance with the rigorous [plain error standard set forth in Fed. R.Crim.P.] 52(b)"). Because we conclude that the District Court committed no error, we need not resolve this issue here.

Section 3553(c)(2) requires that the sentencing court state "the specific reason for the imposition of a sentence different from that described [in the applicable policy statement]." 18 U.S.C. § 3553(c)(2). But "a court's statement of its reasons for going beyond non-binding policy statements in imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from guidelines that were, before *[United States v.] Booker*, [543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005),] considered to be mandatory." *United States v. Lewis*, 424 F.3d 239, 245 (2d Cir.2005). Pursuant to our decisions in *Lewis* and *Goffi*, we find that the District Court has met this requirement because the reasons stated were sufficiently specific to "provide [defendant] with a platform upon which to build an argument that her sentence is unreasonable." *Id.* at 249.

In *Goffi*, for example, we rejected defendant's section 3553(c)(2) challenge because the district court mentioned "the [defendant's] potential for recidivism and the need to protect society," a reference to factor 3553(a)(2)(C). *See Goffi*, 446 F.3d

at 321. We held that this brief reference to a single section 3553(a) factor was sufficient, because "section 3553(c)(2) does not require that a district court refer specifically to *every factor* in section 3553(a)." *Id.* (emphasis added).

Here, during the sentencing hearing, both parties repeatedly referred to Nurse's previous appearance before the Court during her trial, and the Court's familiarity with Nurse's extensive criminal history—including more than 40 arrests and over 20 convictions—and her demonstrated recidivism. In turn, while sentencing her, the Court noted that it "ha[d] a history with Ms. Nurse, having presided over her trial and knowing the nature of the offenses that were involved in that." The Court noted that this "history" and "knowledge" of Nurse allowed it to determine that she "will say whatever she has to say in order to get the result she seeks" and that the Court had "never had another defendant quite like Ms. Nurse."

Under these circumstances, we find the Court's statements to refer to section 3553(a)(1), which provides that "[t]he court, in determining the particular sentence to be imposed, shall consider the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Although the Court never referred specifically to section 3553(a) during sentencing, we do not require "robotic incantations" by district judges when they sentence defendants. *See, e.g., Goffi*, 446 F.3d at 321 (internal quotation marks omitted). The Court's reference to the substance of a section 3553(a) factor is sufficient to satisfy section 3553(c)(2), although a more detailed statement of reasons would have been more helpful to the reviewing court.

Defendant's reliance on *Lewis* is to no avail. There, we vacated the sentence because the sentencing court "did not give

*any reason* for imposing a twenty-four month imprisonment term rather than one within the range suggested by the applicable policy statements." *Lewis,* 424 F.3d at 245 (emphasis added). By contrast, here the District Court gave reasons for its upward departure, namely, its familiarity with Nurse and her duplicitous behavior.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.