**UNITED STATES of America,**
**Appellee,**

v.

**Jean Thierry PIERRE, a.k.a. Jean Pierre, a.k.a. Sensation,**
**Defendant–Appellant.**

**No. 05–6629.**

United States Court of Appeals,
Second Circuit.

Sept. 22, 2006.

Neil B. Checkman, New York, NY, for Appellant.

Justin S. Weddle, Assistant United States Attorney, New York, N.Y. (Karl Metzner, Assistant United States Attorney, of counsel; Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief), for Appellee.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. ROGER J. MINER and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Defendant–Appellant Jean Thierry Pierre ("Pierre") appeals from a judgment of the United States District Court for the Southern District of New York (Loretta A. Preska, Judge) revoking his probationary sentence and imposing a two-year term of imprisonment. We assume that the parties are familiar with the facts, procedural history, and scope of the issues presented on appeal.

For the reasons set forth below, we find Pierre's arguments on appeal unavailing. We need not decide whether Pierre's failure to object at the time to the court's statement of reasons limits our review to "plain error" review, see United States v. Lewis, 424 F.3d 239, 243 (2d Cir.2005) (noting this issue as undecided), because the sentencing here was free of error or unreasonableness.

Pierre first argues that the District Court failed to provide the required statement under 18 U.S.C. § 3553(c)(2) explaining its reasons for sentencing outside the recommended range. We find, to the contrary, that the court provided a thorough, detailed account of how it arrived at the sentence of two years by applying the relevant sentencing factors set forth in 18 U.S.C. § 3553(a). The court found that, in addition to Pierre's recent crime of petit larceny while on probation, Pierre's "acclimation to probation" had been "abysmal" in that he had continuously failed to report to probation, cooperate with his treatment programs, or comply with his restitution order. The court observed that, in numerous conferences, it had warned Pierre that he must comply with the terms of his probation or face consequences, and that Pierre had ignored United States v. Pierre, No. 05–6629 these warnings.

The court specifically considered reports of Pierre's cognitive and psychological limitations, but found that this circumstance did not explain or excuse the extent of his failure while on probation. Next, considering the statutory factors of deterrence, protection of the public, and the avoidance of unwarranted disparities, the court noted that it had afforded Pierre remarkable lenience [1] and that, in return, he had demon-

---

1. Pierre's original crime of conviction, conspiracy to commit bank fraud and possess forged securities, carried a recommended sentence of six to twelve months. The District Court sentenced him to five years' probation, including six months' home con-

strated a total lack of respect for the law and a pattern of criminality. And finally, the court acknowledged Pierre's need for various social services but concluded that these were best addressed in-house.[2] We find the court's statement of reasons wholly adequate. *See United States v. Goffi*, 446 F.3d 319, 321 (2d Cir.2006).

Pierre also argues substantive unreasonableness, *i.e.*, that two years is too long, given the limited nature of Pierre's violations, his limited mental capacity, and the fact that the government itself only sought a sentence of three to nine months, as suggested by the Sentencing Guidelines advisory revocation table, § 7B 1.4(a). We disagree. "Reasonableness" is a "flexible concept" that requires Courts of Appeals to review sentences with a measure of deference and restraint. *See United States v. Fleming*, 397 F.3d 95, 100 (2d Cir.2005). While other judges might have weighed differently Pierre's limited mental capacity and efforts at employment *United States v. Pierre*, No. 05–6629 against his parole violations and arrived at a lower sentence, the District Court's sentence was reasonable in light of the circumstances discussed above.

For the foregoing reasons, we **AFFIRM** the District Court's sentence.

finement. Moreover, despite numerous compliance problems, the court declined, for some time, to sanction Pierre.

2. Although it is not this Court's role to determine where Pierre is held during the term of his incarceration, we hope that efforts are made to ensure that he is in a facility that provides the mental and vocational services he clearly needs.