**UNITED STATES of America,**
**Appellee,**

v.

**Joseph NADAL, Defendant–Appellant.**

No. 06–2924–cr.

United States Court of Appeals,
Second Circuit.

Oct. 16, 2007.

David A. Lewis, Federal Defenders of New York, Inc., New York, NY, for Defendant–Appellant.

Christopher L. Lavigne (Katherine Polk Failla, Assistant United States Attorney, of counsel) for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellee.

Present: Hon. THOMAS J. MESKILL, Hon. ROBERT A. KATZMANN, Circuit Judges, Hon. EDWARD R. KORMAN, District Judge.*

## SUMMARY ORDER

The defendant-appellant admitted to violating the conditions of his supervised release, and the district court revoked his term of supervised release and sentenced him to 18 months' imprisonment. We assume the parties' familiarity with the facts, the proceedings below, and the specification of issues on appeal.

We review sentences imposed after *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), for reasonableness. *United States v. Mejia*, 461 F.3d 158, 162 (2d Cir.2006). "Reasonableness review has two components: (1) procedural reasonableness, whereby we consider such factors as whether the district court properly (a) identified the Guidelines range supported by the facts found by the court, (b) treated the Guidelines as adviso-

ry, and (c) considered the Guidelines together with the other factors outlined in 18 U.S.C. § 3553(a); and (2) substantive reasonableness, whereby we consider whether the length of the sentence is reasonable in light of the factors outlined in 18 U.S.C. § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 131–32 (2d Cir.2006) (footnote omitted). This standard applies "not only to review of sentences for which there are guidelines but also to review of sentences for which there are no applicable guidelines," such as sentences revoking supervised release. *United States v. Fleming*, 397 F.3d 95, 99 (2d Cir.2005).

The defendant raises two challenges to his sentence. First, he argues that the district court should have provided notice of its intent to impose a sentence above the policy range recommended by the U.S. Sentencing Commission. We have recently held that no such notice is required in the supervised release context. *See United States v. Hargrove*, 497 F.3d 256, 261 (2d Cir.2007). Second, he argues that the district court committed plain error by failing to state "the specific reason for the imposition of a sentence different from that described" in the policy statements issued by the Sentencing Commission. 18 U.S.C. § 3553(c)(2). We have previously held that "a court's statement of its reasons for going beyond non-binding policy statements in imposing a sentence after revoking a defendant's supervised release term need not be as specific as has been required when courts departed from guidelines that were, before *Booker*, considered to be mandatory." *United States v. Lewis*, 424 F.3d 239, 245 (2d Cir.2005) (emphasis omitted). The district court's

---

\* The Honorable Edward R. Korman, United States District Judge for the Eastern District of New York, sitting by designation.

statement of reasons in this case, although terse, was sufficiently specific to "provide [the defendant] with a platform upon which to build an argument that [his] sentence is unreasonable" and, therefore, satisfies this requirement of section 3553(c)(2). *See id.* at 249.

While the district court sufficiently expressed on the record its reasons for imposing a sentence above the recommended range, it did not do so in the written order of judgment. Although in such circumstances a remand to the district court to amend the written judgment to comply with § 3553(c)(2) is the usual course, *see United States v. Jones,* 460 F.3d 191, 197 (2d Cir.2006); *see also United States v. Goffi,* 446 F.3d 319, 321–22 (2d Cir.2006), the defendant concedes that he was not prejudiced by this error and we find that, under all of the circumstances in this case, such a remand would be futile.

We have considered all of the defendant's other arguments and find them to be without merit. Accordingly, for the foregoing reasons, the judgment of the district court is hereby **AFFIRMED.**