09-1618-cr
United States v. Shehabeldin

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 28ᵗʰ day of June, two thousand ten.

Present:

      RALPH K. WINTER,
      JOSÉ A. CABRANES,
      RICHARD C. WESLEY,
           *Circuit Judges.*

---

UNITED STATES OF AMERICA,

    *Appellee,*

    v.                                09-1618-cr

MOHAMMAD SHEHABELDIN,

    *Defendant-Appellant.*

---

**FOR APPELLEE:**                Raymond J. Lohier, Jr., Assistant United States Attorney (Katherine Polk Failla, Assistant United States Attorney, *of counsel*) for Preet Bharara, United States Attorney for the Southern District of New York, New York, NY.

**FOR APPELLANT:**              Charles F. Willson, Nevins & Nevins LLP, East Hartford, CT.

Appeal from a judgment of the United States District Court for the Southern District of New York (Sidney H. Stein, *Judge*).

**UPON DUE CONSIDERATION IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED** and the cause is **REMANDED** to the District Court for the purpose of allowing the District Court to amend the judgment.

Defendant Mohammad Shehabeldin appeals from a March 10, 2009 judgment of the District Court finding that defendant violated the terms of his supervised release and sentencing him principally to two years' imprisonment. On appeal defendant argues that the District Court erred by (1) failing to calculate the applicable sentencing range under the United States Sentencing Guidelines ("the Guidelines"); (2) failing to consider adequately certain factors that it must consider under 18 U.S.C. § 3553(a); (3) failing to explain adequately the reasons for the District Court's upward departure from the sentence suggested by the Guidelines; and (4) imposing a substantively unreasonable sentence on defendant. We assume the parties' familiarity with the underlying facts and procedural history of this case.

Following *United States v. Booker*, 543 U.S. 220 (2005), a district court has broad latitude to "impose either a Guidelines sentence or a non-Guidelines sentence." *United States v. Sanchez*, 517 F.3d 651, 660 (2d Cir. 2008); *see also United States v. Cavera*, 550 F.3d 180, 190 (2d Cir. 2008) (en banc). Accordingly, the role of the Court of Appeals is limited to examining a sentence for reasonableness, which is akin to review under an "abuse-of-discretion" standard. *See Cavera*, 550 F.3d at 190; *see also Gall v. United States*, 552 U.S. 38, 41 (2007) ("[C]ourts of appeals must review all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard."); *cf. Sims v. Blot*, 534 F.3d 117, 132 (2d Cir. 2008) ("A district court has abused its discretion if it based its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence, or rendered a decision that cannot be located within the range of permissible decisions." (alteration, citations, and quotation marks omitted)). This standard applies "both to the [substantive reasonableness of the] sentence itself and to the procedures employed in arriving at the sentence." *United States v. Verkhoglyad*, 516 F.3d 122, 127 (2d Cir. 2008). Finally, because defendant failed to raise his procedural objections before the District Court, we review those claims under a "plain error" standard. *See United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007).

First, defendant argues that his sentence was procedurally unreasonable because the District Court failed to calculate the Guidelines range. At the sentencing proceeding, however, the District Court clearly referenced the four- to ten-month range suggested by the Guidelines. A. 21.

Next, defendant argues that his sentence was procedurally unreasonable because the District Court failed to consider adequately certain factors that it must consider under 18 U.S.C. § 3553(a). There is a "strong presumption that the District Court faithfully performed its statutory obligation to consider the § 3553(a) factors." *United States v. Fernandez*, 443 F.3d 19, 33 (2d Cir. 2006); *see also United States v. Fleming*, 397 F.3d 95, 100 (2d Cir. 2005) ("As long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance, we will accept that the requisite consideration has occurred."). Upon of a review of the record, we conclude that the District Court did, in fact, consider the statutory factors. Accordingly, we conclude that the District Court did not err, much less commit plain error, by failing to consider the factors set forth in 18 U.S.C. § 3553(a).

Next, defendant argues that his sentence was procedurally unreasonable because the District Court failed to explain why it decided to depart upward from the Guidelines sentence. This argument fails because the District Court explained at length why it imposed a term of incarceration above the suggested sentencing range, specifically citing defendant's "total disregard for supervised release." A. 26-27. Because defendant has not identified any procedural error below, he necessarily fails to satisfy his weighty burden under the "plain error" standard. Accordingly, we conclude that defendant's sentence was not procedurally unreasonable.

Defendant also argues, and the government concedes, that the written judgment of the District Court fails to state the reasons for the upward departure from the Guidelines sentence. Where the district court, as it did here, gives adequate oral explanation for its upward departure, but has failed to

3

issue a written statement of the reasons, we have held that the judgment should be affirmed, but that the case should be remanded to the district court "solely for the court to amend its written judgment to comply with [18 U.S.C. §] 3553(c)(2)." *United States v. Goffi*, 446 F.3d 319, 321-22 (2d Cir. 2006).

Finally, defendant argues that the sentence imposed was substantively unreasonable. Substantive reasonableness is "a concept of flexible meaning, generally lacking precise boundaries." *Verkhoglyad*, 516 F.3d at 134 (quotation marks and citations omitted). Here, the District Court explained at length its reasons for imposing the sentence, all of which are reasonable. We therefore conclude that the sentence imposed by the District Court was not substantively unreasonable.

## CONCLUSION

For the reasons stated above, the judgment of the District Court is **AFFIRMED** and the cause is **REMANDED** to the District Court for the sole purpose of allowing the District Court to amend its judgment to comply with 18 U.S.C. § 3553(c)(2).


FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4