10-2798-cr
United States v. Benefield

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1st day of September, two thousand eleven.

PRESENT:  CHESTER J. STRAUB,
          DENNY CHIN,
                    Circuit Judges,
          LORETTA A. PRESKA,
                    Chief District Judge.[*]

- - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
          Appellee,

          -v.-                                          10-2798-cr

LONNIE BENEFIELD,
          Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -x

---

[*]     The Honorable Loretta A. Preska, of the United States District Court for the Southern District of New York, sitting by designation.

FOR DEFENDANT-APPELLANT:     JAMES F. GREENWALD, Assistant
                             Federal Public Defender (James P.
                             Egan, on the brief), for Lisa A.
                             Peebles, Interim Federal Public
                             Defender, Syracuse, New York.

FOR APPELLEE:                GWENDOLYN E. CARROLL, Assistant
                             United States Attorney, for Richard
                             S. Hartunian, United States
                             Attorney for the Northern District
                             of New York, Syracuse, New York.

Appeal from a judgment of the United States District Court for the Northern District of New York (Scullin, J.) entered June 16, 2010, convicting defendant-appellant Lonnie Benefield of violating the terms of his supervised release and sentencing him to 24 months' imprisonment.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence of the district court is **AFFIRMED**.

We assume the parties' familiarity with the facts and procedural history of the case, which we summarize as follows:

In 1990, following a jury trial, Benefield was convicted of possession of a firearm after he had been convicted of a felony.  He and a companion had used a sawed-off shotgun to rob a bookstore in Boston.  He was sentenced to 20 years' imprisonment and 5 years' supervised release.  He completed his sentence and was released on supervision in April 2008.

-2-

In May 2009, Benefield got into an altercation with a woman outside an apartment complex in Watertown, New York. He reportedly threatened and hit her with a metal pipe. He pled guilty in state court to menacing in the second degree and was sentenced in December 2009 to 12 months' imprisonment. Based on this state court conviction, on January 25, 2010, he pled guilty in the court below to a violation of his supervised release. The district court sentenced Benefield to time served, or 28 days, and 56 months of supervised release, to give him an opportunity to go to a treatment facility.

On May 18, 2010, however, Benefield tested presumptively positive for the use of cocaine. The Probation Department commenced revocation proceedings based on this drug test, and Benefield pled guilty to the violation on June 7, 2010. A drug test administered the same day also was positive for cocaine and marijuana. With a Grade C violation and a criminal history category of VI, Benefield's range under the United States Sentencing Guidelines (the "Guidelines") was 8 to 14 months. The district court sentenced Benefield to 24 months' imprisonment, without any additional term of supervised release. This appeal followed.

As in the sentencing context generally, a sentence in the revocation context must be reasonable, both substantively and procedurally. See United States v. Verkhoglyad, 516 F.3d 122, 127 (2d Cir. 2008); see generally United States v. Cavera, 550 F.3d 180 (2d Cir. 2008) (en banc).

Benefield challenges his sentence in two respects. First, he argues that the district court committed procedural error by failing to explain adequately its reasoning. We review this claim for plain error, as Benefield did not raise this procedural objection below. Verkhoglyad, 516 F.3d at 128. Second, he argues that the district court committed substantive error by imposing a sentence ten months above the top of the Guidelines range. We apply a "deferential abuse-of-discretion standard" here, as we consider whether the district court's sentence was "within the range of permissible decisions." Cavera, 550 F.3d at 189.

First, as to the issue of procedural reasonableness, we conclude that the district court did not commit any error, much less plain error. It adequately explained "in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). The district court noted that Benefield had been given "many opportunities to try and straighten out." Indeed, it noted that it had gone "out of its way" to give Benefield another chance when it sentenced Benefield to time served -- only 28 days -- for an earlier violation of supervised release following Benefield's guilty plea in state court to

-4-

menacing a woman with a metal pipe. The district court also noted that Benefield had "a history of violent criminal conduct" and that he had "certainly violated the court's trust." The court referred also to Benefield's "ongoing conduct," a reference to the fact that Benefield had tested positive for drug use not only on May 18, 2010, but again on June 7, 2010, the very day of the revocation hearing. See, e.g., Verkhoglyad, 516 F.3d at 127-32 (holding that district court's oral statement of reasons for imposing 57-month sentence for possession of drugs while on probation was sufficient, where Guidelines range was 5 to 11 months); United States v. Goffi, 446 F.3d 319, 320-21 (2d Cir. 2006) (finding that district court's "brief explanation" of specific reason for 24-month sentence was sufficient, where Guidelines range was 12 to 18 months).

Second, as to substantive reasonableness, we hold that the district court's determination to impose an above-Guidelines sentence of 24 months was not "exceptional" and fell "within the range of permissible decisions." Cavera, 550 F.3d at 189. In light of all the factors articulated by the district court, including, in particular, Benefield's breach of the district court's trust after it had shown him leniency in the prior violation for menacing, the sentence imposed was reasonable and appropriate. Moreover, Benefield's assertion that the district court failed to "account" for his history of substance abuse, Appellant Br. 8, is misplaced, as Benefield's prior drug use was the subject of much discussion at the hearing by the district court as well as defense counsel. The district court acted well

-5-

within its "considerable sentencing discretion."  <u>United States</u>
<u>v. Jones</u>, 531 F.3d 163, 174 (2d Cir. 2008).

We have considered Benefield's remaining arguments, and
conclude that they are without merit.  For the reasons stated
above, the sentence of the district court is **AFFIRMED**.


                        FOR THE COURT:
                        CATHERINE O'HAGAN WOLFE, CLERK