**UNITED STATES of America,**
**Appellee,**

v.

**Jeffrey O'DELL, Defendant–Appellant.**

**No. 13–2221.**

United States Court of Appeals,
Second Circuit.

Dec. 11, 2014.

Michael Philip Mansion, Mansion Law Firm, Albany, for Appellant.

Rajit S. Dosanjh, Richard D. Belliss, Assistant United States Attorneys, for Richard S. Hartunian, United States At-torney for the Northern District of New York, NY, for Appellee.

PRESENT: RICHARD C. WESLEY, PETER W. HALL, and GERARD E. LYNCH, Circuit Judges.

**SUMMARY ORDER**

"[W]e review a district court's finding of a violation of supervised release only for an abuse of discretion and its factual find-ings for clear error." *United States v. Carlton,* 442 F.3d 802, 810 (2d Cir.2006). In this case, the district court did not clearly err by finding that O'Dell had con-sumed alcohol.

O'Dell also argues that, when crafting his sentence, the district court failed to consider the 18 U.S.C. § 3553(a) sentenc-ing factors. He contends that the court ignored his efforts at dealing with his sub-stance abuse problems, that it failed to take note of the rehabilitative efforts he had made and the inadequate supervision he received while trying to remain clean and sober, and that the court did not suffi-ciently explain the sentence. Because O'Dell did not object below, we review for plain error.[1]

The district court did not err in impos-ing its sentence. The mitigating evidence O'Dell proffers does not rise to the level of rehabilitation efforts and mitigating cir-cumstances discussed in *United States v. Hernandez,* 604 F.3d 48, 53 (2d Cir.2010). Further, the district court satisfied its "minimal" obligation to explain the sen-tence. *United States v. Cassesse,* 685 F.3d 186, 192 (2d Cir.2012); *United States v. Goffi,* 446 F.3d 319, 321 (2d Cir.2006). We

---

1. "Plain error is: (i) error, that is (ii) plain, and (iii) affects substantial rights. Where these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if ... the error seri-ously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Rodriguez,* 725 F.3d 271, 276 (2d Cir.2013) (internal quotation marks omitted).

 

have considered O'Dell's other arguments and find them to be without merit.

For the reasons stated above, the judgment and sentence of the district court are **AFFIRMED.**