13-2221
*United States v. O'Dell*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11th day of December, two thousand fourteen.

PRESENT: RICHARD C. WESLEY,
 PETER W. HALL,
 GERARD E. LYNCH,
 *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

 *Appellee,*

 -v.- No. 13-2221

JEFFREY O'DELL,

 *Defendant - Appellant.*

_____

FOR APPELLANT: Michael Philip Mansion, Mansion Law Firm, Albany, NY.

FOR APPELLEE: Rajit S. Dosanjh, Richard D. Belliss, Assistant United States Attorneys, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, NY.

Appeal from the United States District Court for the Northern District of New York (Norman A. Mordue, Judge).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment and sentence of the district court be and hereby are **AFFIRMED**.

"[W]e review a district court's finding of a violation of supervised release only for an abuse of discretion and its factual findings for clear error." *United States v. Carlton*, 442 F.3d 802, 810 (2d Cir. 2006). In this case, the district court did not clearly err by finding that O'Dell had consumed alcohol.

O'Dell also argues that, when crafting his sentence, the district court failed to consider the 18 U.S.C. § 3553(a) sentencing factors. He contends that the court ignored his efforts at dealing with his substance abuse problems, that it failed to take note of the rehabilitative efforts he had made and the inadequate supervision he received while trying to remain clean and sober, and that the

court did not sufficiently explain the sentence. Because O'Dell did not object below, we review for plain error.[1]

The district court did not err in imposing its sentence. The mitigating evidence O'Dell proffers does not rise to the level of rehabilitation efforts and mitigating circumstances discussed in *United States v. Hernandez*, 604 F.3d 48, 53 (2d Cir. 2010). Further, the district court satisfied its "minimal" obligation to explain the sentence. *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012); *United States v. Goffi*, 446 F.3d 319, 321 (2d Cir. 2006). We have considered O'Dell's other arguments and find them to be without merit.

For the reasons stated above, the judgment and sentence of the district court are **AFFIRMED**.

> FOR THE COURT:
> Catherine O'Hagan Wolfe, Clerk

---

[1] "Plain error is: (i) error, that is (ii) plain, and (iii) affects substantial rights. Where these conditions are met, an appellate court may then exercise its discretion to notice a forfeited error, but only if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *United States v. Rodriguez*, 725 F.3d 271, 276 (2d Cir. 2013) (internal quotation marks omitted).