17-2033-cr
United States v. Carter

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of June, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          DENNY CHIN,
          RAYMOND J. LOHIER, JR.,
                    Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

United States of America,
          Appellee,

          -v.-                                        17-2033-cr

Garrett Carter,
          Defendant-Appellant.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          W. Theodore Koch III, Esq.,
                        Niantic, CT.

FOR APPELLEE:           Michael J. Gustafson, Assistant
                        United States Attorney, on
                        behalf of John H. Durham, United
                        States Attorney for the District
                        of Connecticut (Brian P.

Leaming, Sandra S. Glover, Assistant United States Attorneys, <u>on the brief</u>), New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Thompson, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED.**

Garrett Carter appeals from the judgment of the United States District Court for the District of Connecticut sentencing Carter principally to 70 months' imprisonment for possession with intent to distribute, and distribution of, a controlled substance, which he challenges as procedurally and substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Carter was arrested in Hartford, Connecticut after he delivered a package containing 600 grams of Phencyclidine ("PCP") to an FBI cooperator. He pled guilty to possession with intent to distribute, and distribution of, at least 100 grams of PCP, an offense that ordinarily carries a mandatory minimum ten-year sentence. The Probation Office determined that Carter qualified for a sentence reduction under the "safety valve" provision of 18 U.S.C. § 3553(f), which lowered the Guidelines range to 70 to 87 months. <u>See</u> U.S.S.G. § 5C1.2. At sentencing, the Government argued for 70 months' imprisonment, citing the dangerousness as well as the quantity of PCP and Carter's numerous prior transactions as a supplier of PCP to the same Hartford dealer. Carter sought a below-Guidelines sentence of 30 months, arguing that he was not a hardened criminal, but instead a good person who saw a financially lucrative opportunity and made a "bad choice." App'x at 120, 127, 133-34.

The district court granted Carter relief from the 10-year mandatory minimum pursuant to the safety valve, and imposed a Guidelines sentence of 70 months' imprisonment with credit for time served followed by four years of supervised release. The district court explained its consideration of the sentencing factors, including its desire to impose just punishment; the seriousness of the offense, which ordinarily carries a higher mandatory

minimum; and Carter's background.  Defense counsel did not object at sentencing to the district court's findings or sentence.

On appeal, Carter challenges his sentence as procedurally and substantively unreasonable.  Because Carter failed to lodge an objection at sentencing, we review Carter's reasonableness challenge for plain error.  See United States v. Villafuerte, 502 F.3d 204, 207-09 (2d Cir. 2007)("[I]ssues not raised in the trial court because of oversight, including sentencing issues, are normally deemed forfeited on appeal unless they meet [the] standard for plain error.").

"A district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence."  United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citing Gall v. United States, 552 U.S. 38, 51 (2007)).  Although the district court must "conduct its own independent review of the sentencing factors," United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc), the Guidelines provide the "starting point and the initial benchmark" for sentencing.  Gall, 552 U.S. at 49.  As to the Section 3553(a) factors, "we will not assume a failure of consideration simply because a district court fails to enumerate or discuss each" factor individually.  United States v. Verkhoglyad, 516 F.3d 122, 131 (2d Cir. 2008); see also United States v. Wagner-Dano, 679 F.3d 83, 89 (2d Cir. 2012) ("[W]e presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors.") (internal quotation marks omitted).

Carter contends that the district court erroneously presumed that a Guidelines sentence was reasonable, and failed to fully explain its reasoning for the chosen sentence.  The district court conducted a searching review of the offense conduct and of Carter's individual circumstances, and recited its reasons for fixing on a 70-month sentence.  App'x at 129-30, 140, 145-49.  The judge was not required to specifically "address every argument the defendant has made or discuss every [Section] 3553(a) factor individually."  Villafuerte, 502 F.3d at 210; see also United States v. Goffi, 446 F.3d 319, 321 (2d Cir. 2006)

3

(there is no "require[ment] that a district court refer specifically to every factor in section 3553(a)").

Carter faults the district court for relying on the Guidelines as a standard by which to measure Carter against 'typical' defendants. But it was proper for the district court to consider the Guidelines as a "benchmark" alongside its review of the statutory factors when imposing sentence. See Gall, 552 U.S. at 49; Villafuerte, 502 F.3d at 210. There was therefore no error, plain or otherwise, in the district court's conclusion that the bottom of the Guidelines range reflected, in Carter's case and in consideration of the appropriate factors, a sentence that was sufficient but not greater than necessary.

Carter also argues that his 70-month sentence is substantively unreasonable. We will "set aside a district court's substantive determination only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Norman, 776 F.3d 67, 86 (2d Cir. 2015) (emphasis and citation omitted); see Rita v. United States, 551 U.S. 338, 350-51 (2007).

Carter's principal argument is that the district court gave insufficient weight to his personal characteristics as a non-violent, first time offender. See Appellant's Br. 26-27. However, Carter already received a substantial sentencing reduction as a result of his status: the safety valve provision released him from a ten-year mandatory minimum, and his acceptance of responsibility conferred additional mitigation. Moreover, the district court considered (and was unpersuaded by) defense counsel's contention that Carter deserved a below-Guidelines sentence because he was not "a drug dealer by trade," just a "good person who just sold drugs." App'x at 127. The court noted that Carter had conducted multiple illicit transactions at large volume of an extremely dangerous substance, and that Carter failed to identify any mitigating factors that distinguish him from defendants who are sentenced more harshly. E.g., id. at 144-49. Carter's view notwithstanding, the particular weight assigned to any Section 3553(a) factor "is a matter firmly committed to the discretion of the sentencing judge and is beyond our review." Verkhoglyad, 516 F.3d at 131 (internal citation and quotation marks omitted).

4

A 70-month sentence in the circumstances here does not make for the "rare case" that falls outside the range of permissible decisions for the distribution of PCP.  <u>United States v. Rigas</u>, 583 F.3d 108, 123 (2d Cir. 2009).  We therefore decline to disturb the sound exercise of discretion by the district court.  <u>See</u> <u>id.</u>

For the foregoing reasons, and finding no merit in Carter's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK