17-2271-cr
United States v. Dansowah

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of July, two thousand eighteen.

PRESENT: DENNIS JACOBS,
REENA RAGGI,
PETER W. HALL,
                    <u>Circuit Judges</u>.

- - - - - - - - - - - - - - - - - - - -X
United States of America,
        <u>Appellee</u>,

        -v.-                                    17-2271-cr

Franklin Dansowah,
        <u>Defendant-Appellant</u>.
- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:          Elizabeth Latif, West Hartford, CT.

FOR APPELLEE:           Geoffrey S. Berman, United States Attorney for the Southern District of New York (Kiersten Fletcher, Anna M. Skotko, Assistant United States

Attorneys, <u>on the brief</u>), New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Kaplan, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Franklin Dansowah appeals from the judgment of the United States District Court for the Southern District of New York sentencing him to 45 months' imprisonment for bank fraud, which he challenges as procedurally unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Dansowah participated in a check deposit scheme in which he and his coconspirators opened bank accounts under fictitious names that closely resembled the names of legitimate businesses. Members of the conspiracy (including Dansowah) would then deposit stolen checks into the fraudulent accounts and withdraw the funds before the intended payees and banks could discover the fraud. Dansowah pled guilty in September 2016 to bank fraud and conspiracy to commit bank fraud in violation of 18 U.S.C. §§ 1344 and 1349. In the plea agreement, the parties stipulated to a total adjusted offense level of 18; a Criminal History Category of III (to reflect Dansowah's four prior New York state convictions); and an applicable Guidelines range of 33 to 41 months. The Probation Office calculated a Criminal History Category of IV to account for an additional prior conviction in Virginia, resulting in a recommended Guidelines range of 41 to 51 months. The Government sought a sentence within the stipulated plea agreement Guidelines range, but Dansowah accepted the higher Guidelines range proposed in the Presentence Report. Judge Kaplan ordered a sentence of 45 months' imprisonment to be followed by five years of supervised release.

Dansowah challenges his 45 month sentence as procedurally unreasonable. Procedural reasonableness review considers whether the district court gave an adequate explanation of the sentence in compliance with 18 U.S.C. § 3553(a) and (c). <u>United States v. Verkhoglyad</u>, 516 F.3d 122, 128 (2d Cir. 2008). It is procedural error for the district court to fail to "adequately ... explain the chosen

2

sentence." United States v. Robinson, 702 F.3d 22, 38 (2d Cir. 2012) (citation omitted). However, "we will not assume a failure of consideration simply because a district court fails to enumerate or discuss each § 3553(a) factor individually." Verkhoglyad, 516 F.3d at 131. "[W]e presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors," and "do not require robotic incantations" with respect to each of the Section 3553(a) factors. United States v. Wagner-Dano, 679 F.3d 83, 89 (2d Cir. 2012) (internal quotation marks omitted). Because Dansowah did not object at sentencing to the court's findings or sentence, we review Dansowah's procedural challenge for plain error. United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007).

Dansowah contends that the district court did not adequately explain the reasons for its sentence as required by Section 3553(c). Appellant's Br. at 9; see 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence."); Villafuerte, 502 F.3d at 210 (noting how Section 3553(c) serves "the important goal ... of informing the defendant of the reasons for his sentence").

The district court stated at sentencing that it had reviewed a thorough record, including letters from Dansowah's friends and family and submissions from both parties. It also explicitly adopted the Guidelines range and factual findings of the Presentence Report. Reliance on uncontested findings in the Presentence Report is sufficient to satisfy Section 3553(c)'s statement of reasons requirement on plain error review. See United States v. Carter, 489 F.3d 528, 540 (2d Cir. 2007); United States v. Molina, 356 F.3d 269, 277 (2d Cir. 2004) ("We recognize nonetheless that the 'open court' requirement may be satisfied by the district court adopting the PSR in open court."). Here the district court went further by reciting its consideration of several Section 3553(a) factors in open court. For example, the district court stated that it had "taken into account" Dansowah's positive steps to advance in a lawful profession, and explained that the "sentence might well have been higher" but for Dansowah's effort to support his family. App'x at 47; 18 U.S.C. § 3553(a) (instructing courts to consider, among other factors, "the history and characteristics of the defendant").

3

We conclude on this record that the sentencing judge "faithfully discharged [his] duty to consider" the appropriate factors and explain the sentence imposed. Wagner-Dano, 679 F.3d at 89; see also United States v. Goffi, 446 F.3d 319, 321 (2d Cir. 2006) (there is no "require[ment] that a district court refer specifically to every factor in section 3553(a)").  Dansowah's procedural unreasonableness claim fails.

For the foregoing reasons, and finding no merit in Dansowah's other arguments, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4