18-1683-cr
*U.S. v. Banks*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand nineteen.**

PRESENT:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

      *Appellee*,

    v.                                   No. 18-1683-cr

TAWOINE AQUIL FRANK BANKS,

      *Defendant-Appellant*.

---

| | |
|---|---|
| For Defendant-Appellant: | Yuanchung Lee, Federal Defenders of New York, New York, NY. |
| For Appellee: | Emily Berger, Nicholas J. Moscow, Assistant United States Attorneys, *for* Richard P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

1

Appeal from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Tawoine Banks appeals from a judgment of the United States District Court for the Eastern District of New York (Irizarry, *J.*) entered May 29, 2018, and amended June 5, 2018, sentencing Banks principally to twelve months and one day in prison for violating supervised release, to run consecutive to a previously-imposed ten-month sentence of imprisonment for a prior violation of supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Banks argues, first, that the district court's sentence was procedurally unreasonable because the court improperly relied on 18 U.S.C. § 3553(a)(2)(A) – "the need for the sentence imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense" – in imposing a consecutive term of imprisonment significantly longer than the term recommended by the parties. But the cases Banks cites are about a district court's decision to impose a term of supervised release, *not* a district court's decision to impose a term of incarceration for violating supervised release. Banks does not point to any case suggesting that a court may not consider the factors enumerated in 18 U.S.C. § 3553(a)(2)(A) in conjunction with a carceral sentence for *violating* supervised release. Indeed, 18 U.S.C. § 3583(e), which governs revocation of supervised release, does not prohibit a district court from considering the § 3553(a)(2)(A) factors when imposing a sentence for violating supervised release. *See United States v. Williams*, 443 F.3d 35, 47 (2d Cir. 2006) ("Section 3583 does not state that any particular factor cannot be considered, and we interpret § 3583(e) simply as requiring consideration of the

2

enumerated subsections of § 3553(a), without forbidding consideration of other pertinent factors.").[1]

Second, Banks argues that his sentence was substantively unreasonable because it was far longer than necessary to address the breach of trust his violation conduct represented. This Court, however, "will not second guess the weight (or lack thereof) that the [district court] accorded to a given factor or to a specific argument" in determining sentence. *United States v. Pope*, 554 F.3d 240, 247 (2d Cir. 2009). Rather, "[t]he particular weight to be afforded aggravating and mitigating factors is a matter firmly committed to the discretion of the sentencing [court]." *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012). The district court here adequately explained its decision to impose a sentence of a year and a day by reference to the applicable factors listed in §§ 3553(a) and 3583.[2] Accordingly, although Banks's sentence was two months above the Chapter Seven policy statement range, we conclude that it was within the range of permissible decisions. *See, e.g.*, *United States v. Goffi*, 446 F.3d 319, 320-21 (2d Cir. 2006).

Banks also argues that his sentence was substantively unreasonable because the district court failed to consider several mitigating circumstances, such as his poor health, his improved behavior, his ten-month supervised release sentence entered on October 24, 2017, his potential ten-year sentence in another district for drug trafficking, and the joint recommendation of the parties. We disagree. The district court was not required to accept Banks's explanation of his conduct as resulting principally from his drug addiction. *See* App. at 271-72; *id.* at 272 (explaining that Banks "has violated nearly every one of the standard conditions that the court of the Middle

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, footnotes, and citations are omitted.

[2] For example, the district court cited a series of infractions including violations of home confinement, violations of local law, and over twenty failures to appear for drug testing.

District of North Carolina issued at sentencing"); *id.* (noting that Banks "continued with additional arrests, the criminal activity continued" and that "[w]hen sanctioned with home confinement, he violated the terms of that home confinement").

Nor was the district court required to accept Banks's conclusion that his more "recent good behavior" constituted a "transformation" due to his medical condition. Appellant's Br. at 32. Indeed, the district court considered Banks's "different outlook on life" argument, App. at 280, and rejected it, *id.* ("I'm not buying it. I have heard that song before."). The district court was similarly permitted to give little weight to the parties' recommendations of a ten-month concurrent sentence. *See United States v. Pelensky*, 129 F.3d 63, 69 (2d Cir. 1997). Finally, the district court was adequately attentive to defendant's medical condition, delaying sentencing and remand into custody multiple times to ensure that Banks could receive treatment and to ensure that the Bureau of Prisons was prepared to treat Banks's condition after he surrendered.

We have considered all of Banks's remaining contentions on appeal and have found in them no basis for reversal. Accordingly, the judgment of the district court is **AFFIRMED**.[3]

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

---

[3] Because the Government consents to removing the "16 Cr. 432" docket number from the final written judgment in this case, we order the district court to so amend the judgment and we reserve decision on whether a defendant remains subject to conditions of supervised release after revocation but before self-surrender. *See, e.g.*, *Johnson v. United States*, 529 U.S. 694 (2000); *United States v. Wing*, 682 F.3d 861 (9th Cir. 2012); *United States v. Winfield*, 665 F.3d 107 (4th Cir. 2012).