**UNITED STATES of America,**
**Appellee,**

v.

**Michael FREY, Defendant–Appellant.**

**No. 05–5906–cr.**

United States Court of Appeals,
Second Circuit.

May 17, 2007.

Douglas E. Gregory, Assistant United States Attorney, for Terance P. Flynn, United States Attorney, Western District of New York, Buffalo, N.Y., for Appellee.

M. Kirk Okay, Batavia, N.Y., for Defendant–Appellant.

PRESENT: Hon. B.D. PARKER, Hon. REENA RAGGI, Hon. RICHARD C. WESLEY, Circuit Judges.

## SUMMARY ORDER

Defendant–Appellant Michael Frey appeals from a judgment of conviction entered by the United States District Court for the Western District of New York (Larimer, *J.*). While on supervised release, Frey was charged with conspiracy to distribute cocaine and marijuana, conspiracy to possess with intent to distribute cocaine and marijuana, and the use of a telephone to facilitate the commission of the above offenses, in violation of 21 U.S.C. §§ 846 and 843(b). Pursuant to a plea agreement, Frey pled guilty to a one-count Information charging him with violating 21 U.S.C. § 843(b) (use of a telephone to facilitate the possession with intent to distribute cocaine). Later, Frey also pled guilty to violating the conditions of his supervised release—*i.e.,* that he not commit another federal offense.

In Frey's plea agreement and at the sentencing hearing, Frey agreed with the Guidelines calculation for the underlying offense which subjected him to a range of 41 to 51 months imprisonment. Pursuant to Fed.R.Crim.P. 11(c)(1)(C), Frey further agreed to a sentence of 48 months and to waive his right to appeal or collaterally attack the imposition of a 48 month sentence. Upon pleading guilty to violating supervised release, Frey acknowledged that he faced up to 24 months imprisonment for the supervised release violation, which could "follow after the 48 month sentence." Frey was sentenced to 48 months imprisonment for the 21 U.S.C. § 843(b) conviction and 12 months and one day for the violation of supervised release, to be served consecutively. This appeal followed, and we affirm.

We review a district court's sentencing decisions for unreasonableness. *See Unit-ed States v. Booker,* 543 U.S. 220, 262, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). We have consistently refused to impose upon district courts any particular formula or incantation to follow in deciding how to structure a sentence. *See United States v. Crosby,* 397 F.3d 103, 113 (2005); *United States v. Velasquez,* 136 F.3d 921, 924 (2d Cir.1998) (per curiam) (collecting cases). Rather, we focus on whether the district court complied with its obligation to consider the factors detailed in 18 U.S.C. § 3553(a). *See United States v. Canova,* 412 F.3d 331, 350 (2d Cir.2005).

Frey contends that the district court's decision to impose consecutive sentences was unreasonable because "[c]oncurrent sentences are appropriate in light of the factors set forth at 18 U.S.C. § 3553(a)." We disagree. The district court considered the relevant § 3553(a) factors in determining the appropriate sentence for both Frey's underlying criminal offense and his violation of supervised release. At the sentencing hearing, the court noted that this was Frey's fourth felony conviction and that he had repeatedly violated conditions of parole or supervised release. The district court observed that under § 7B1.3 of the Sentencing Guidelines, a sentence for a violation of supervised release should be served consecutive to any other sentence imposed. The court also discussed the inherent potential for violence in drug offenses and the need for adequate deterrence based on Frey's extensive criminal history. Accordingly, the district court's imposition of consecutive sentences was reasonable.

## CONCLUSION

For the foregoing reasons, the judgment of the district court is AFFIRMED.