12-2702-cr
United States v. Ukaegbu

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of May, two thousand thirteen.

PRESENT:  RALPH K. WINTER,
          GUIDO CALABRESI,
          GERARD E. LYNCH,
                    *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

                    *Appellee*,

          v.                                    No. 12-2702-cr

NDUKWE UKAEGBU,

                    *Defendant - Appellant*.

_____

FOR APPELLANT:        YUANCHUNG LEE, Federal Defenders of New York, Inc., New York, N.Y.

FOR APPELLEE:         EMILY BERGER, Assistant United States Attorney (Celia A. Cohen, Assistant United States Attorney, *on the brief*), *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, N.Y.

Appeal from the United States District Court for the Eastern District of New York

(Raymond J. Dearie, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the district court is AFFIRMED and the case is REMANDED with orders to amend the written judgment of conviction to memorialize the stated reasons for the sentence, as required by 18 U.S.C. § 3553(c)(2).

Defendant-appellant Ndukwe Ukaegbu appeals from the judgment of the district court, entered May 29, 2012, revoking his term of probation upon his plea of guilty to committing new criminal conduct and sentencing him to 12 months' imprisonment for the violation of probation, to run consecutive to 42 months' imprisonment for criminal fraud and identity theft in violation of 18 U.S.C. §§ 1029(a)(5), 1029(c)(1)(A)(ii), and 1028A. We assume the parties' familiarity with the facts and procedural history of this case, as well as with the issues on appeal.

Ukaegbu's relevant criminal history began in 2007, when he was sentenced to three years' probation for providing false information in order to obtain a driver's license under an assumed name. While on probation, Ukaegbu was found to be acquiring and using credit cards under new false identities. Ukaegbu pleaded guilty to credit card fraud and identity theft, as well as to violating his probation, and was sentenced to 42 months' imprisonment for the underlying criminal charges plus a consecutive 12 months' imprisonment for his probation violation ("revocation sentence"). The revocation sentence was above the Guidelines range of four to ten months.

Ukaegbu appeals his revocation sentence[1] on procedural and substantive grounds, arguing that the district court (1) failed to state in open court and in writing its reason for imposing an above-Guidelines sentence, as required by 18 U.S.C. § 3553(c)(2); and (2) imposed a sentence that, combined with the 42-month sentence in the underlying criminal case, was greater than necessary to achieve the ends of sentencing.

I.    Procedural Challenge

Ukaegbu argues that the district court did not sufficiently state its reasons, either in open court or on the record, for sentencing above the Guidelines range of 4 to 10 months' imprisonment. Because Ukaegbu did not object at sentencing to the district court's alleged failure to explain its reasoning, we review his procedural challenge for plain error. United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007). To establish plain error, the defendant must establish (1) error (2) that is plain and (3) affects substantial rights, and (4) that "seriously affects the fairness, integrity, or public reputation of judicial proceedings." Johnson v. United States, 520 U.S. 461, 466-67 (1997) (internal quotation marks omitted).

When imposing an above-Guidelines sentence, § 3553(c) requires a sentencing court to state "in open court the reasons for its imposition of the particular sentence," and to state "the specific reason" for diverging from the Guidelines range both in open court and in a written statement. 18 U.S.C. § 3553(c); see also United States v. Cassesse, 685 F.3d 186, 193 (2d Cir. 2012) (noting that an above-Guidelines sentence triggers "a higher descriptive

_____

[1] Ukaegbu has separately appealed his 42-month sentence in the underlying criminal case. That appeal is before a different panel of this Court.

obligation on the part of the District Court"). "This requirement serves the important goals of (1) informing the defendant of the reasons for his sentence, (2) permitting meaningful appellate review, (3) enabling the public to learn why the defendant received a particular sentence, and (4) guiding probation officers and prison officials in developing a program to meet the defendant's needs." Villafuerte, 502 F.3d at 210. We do not prescribe any "specific verbal formulations," and presume that the requisite consideration has occurred "[a]s long as the judge is aware of both the statutory requirements and the sentencing range or ranges that are arguably applicable, and nothing in the record indicates misunderstanding about such materials or misperception about their relevance." United States v. Fleming, 397 F.3d 95, 100 (2d Cir. 2005).

While the district court could have been more explicit about the connection between its assessment of the case and its decision to impose an above-Guidelines sentence, the court adequately considered and discussed the 3553(a) factors, and made sufficiently clear its reasons for imposing the sentence it chose, in open court. It described the seriousness of the crime and the need to protect the public, noting that "this kind of criminal behavior" is "a menace" and visits "financial ruin" on its victims. The court also highlighted the similarity between Ukaegbu's most recent criminal activity and the activity for which he had been convicted and placed on probation in 2007, noting that "[t]his is a crime that keeps being repeated." Given the district court's discussion of Ukaegbu's recidivism, the need for deterrence, and the seriousness of the crime, we conclude that the district court satisfied the statutory requirement to provide "the specific reason for the imposition of a sentence

4

different" from that recommended by the applicable policy statements. 18 U.S.C. § 3553(c)(2).

The district court did not, however, memorialize its stated sentencing reasons in the written order of judgment, as required by § 3553(c)(2). "While such an omission in the face of sufficient oral reasons will rarely rise to the level of plain error,[] we have recognized it to be the better course in such circumstances to remand so that noncompliance with subsection 3553(c)(2) may be remedied." United States v. Verkhoglyad, 516 F.3d 122, 133 (2d Cir. 2007) (internal quotation marks omitted); see also United States v. Elbert, 658 F.3d 220, 224 (2d Cir. 2011) (noting that "it is the better course – though not required – to remand when the district court does not strictly comply with 18 U.S.C. § 3553(c)(2)"). As "the district court explained adequately its reasons for the sentence imposed" in open court, we "do not disturb the conviction or the sentence," but "remand solely for the court to amend its written judgment to comply with section 3553(c)(2)" by including a statement of reasons. United States v. Goffi, 446 F.3d 319, 321-22 (2d Cir. 2006); see also Verkhoglyad, 516 F.3d at 134 ("Accordingly, although we do not identify any procedural error warranting resentencing in this case, we remand solely to permit the district court to amend its written judgment to satisfy the ministerial duty to memorialize its stated reasons for sentencing as required by § 3553(c)(2).").

II.    Substantive Challenge

Ukaegbu also argues that his 12-month revocation sentence was substantively unreasonable when added to the 42 months he will serve as a result of his criminal conviction

5

based on the same misconduct. Ukaegbu argues that a sentence within the Guidelines range of 4 to 10 months would have been "sufficient, but not greater than necessary," to achieve the ends of sentencing, as required by 18 U.S.C. § 3553(a).

We review a sentence imposed for a violation of probation for reasonableness. Goffi, 446 F.3d at 320-21. "Reasonableness review does not entail the substitution of our judgment for that of the sentencing judge," but is rather "akin to review for abuse of discretion." United States v. Fernandez, 443 F.3d 19, 27 (2d Cir. 2006). We will set aside a district court's sentence on substantive grounds "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." United States v. Cavera, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal quotation marks omitted).

The district court's 12-month sentence is well within the range of permissible decisions in these circumstances. While on probation for fraudulently obtaining false identification documents, Ukaegbu committed further serious fraudulent criminal activity, again involving false identities. To the extent he argues that he should not be punished for his continued fraud beyond the 42 months he will serve for the underlying conduct, the Sentencing Guidelines recommend that a sentence for revocation or probation should run "consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of probation or supervised release." U.S.S.G. § 7B1.3(f) (policy statement). Under these circumstances, we identify no abuse of the district court's sentencing discretion and no merit in Ukaegbu's claim that his sentence is substantively unreasonable.

6

For the foregoing reasons, the judgment of the district court is affirmed and the case is remanded for the limited purpose of allowing the district judge to amend the written judgment to satisfy the ministerial duty to memorialize the stated reasons for sentence, as required by 18 U.S.C. § 3553(c)(2).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court