18-2603-cr
*United States v. Kyzer*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 18th day of February, two thousand twenty-one.

PRESENT:  DENNY CHIN,
          MICHAEL H. PARK,
               *Circuit Judges*,
          KIYO A. MATSUMOTO,
               *District Judge*.\*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
               *Appellee*,

       -v-                                       18-2603-cr

ROLAND KYZER,
               *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

---

\*      Judge Kiyo A. Matsumoto, of the United States District Court for the Eastern District of New York, sitting by designation.

FOR APPELLEE:                          Thomas R. Sutcliffe, Lisa M. Fletcher, Assistant
                                       United States Attorneys, *for* Antoinette T.
                                       Bacon, United States Attorney for the Northern
                                       District of New York, Syracuse, New York.

FOR DEFENDANT-APPELLANT:                Melissa A. Tuohey, Assistant Federal Public
                                       Defender, *for* Lisa A. Peebles, Federal Public
                                       Defender for the Northern District of New
                                       York, Syracuse, New York.


Appeal from the United States District Court for the Northern District of New York (McAvoy, *J.*).

**UPON DUE CONSIDERATION, IT IS ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Roland Kyzer appeals from a judgment entered August 27, 2018, following a jury trial, convicting him of receipt and possession of child pornography and sentencing him principally to 324 months' imprisonment and 20 years' supervised release. On appeal, Kyzer argues that the district court abused its discretion because the 324-month term of imprisonment is substantively unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Before the instant appeal, Kyzer had been convicted of receiving child pornography in 2002. At the time of the charged conduct in this case, he was serving a 30-month term of supervised release that had been imposed after he had violated several conditions of his original term of supervised release (failure to refrain from

2

contact with minors, failure to successfully complete a mental-health program, and possession of pornography). In addition to his federal child-pornography convictions, Kyzer was also convicted in New York state court on July 3, 2002, of sexually abusing his three-year-old daughter. Based on Kyzer's criminal history and other factors, the Presentence Investigation Report ("PSR") calculated Kyzer's Guidelines range to be 324 to 405 months' imprisonment. The new offense conduct at issue in this appeal also constituted a violation of Kyzer's supervised release term for the 2002 federal conviction; he was sentenced to an additional consecutive term of imprisonment of 60 months for the supervised release violation. As a result of a prior appeal that resulted in a remand, the 60-month sentence for the violation was later reduced to 18 months, consecutive to the 324-month sentence on the 2018 conviction.[1] The only issue now before the Court is the substantive reasonableness of the 324-month sentence.

"This Court considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard. We find error only if the sentence cannot be located within the range of permissible decisions." *United States v. Alcius*, 952 F.3d 83, 88 (2d Cir. 2020) (citations, internal quotation marks, and alteration omitted). "We focus in particular on a district court's explanation of its sentence in light of the factors contained in 18 U.S.C. § 3553(a), and whether a factor relied on by a sentencing

---

[1]      Kyzer does not appeal his sentence of 18 months' imprisonment for his supervised release violation.

court can bear the weight assigned to it." *United States v. Degroate*, 940 F.3d 167, 174 (2d Cir. 2019) (internal quotation marks and footnote omitted). Our review for substantive reasonableness, which "take[s] into account the totality of the circumstances," *United States v. Brown*, 843 F.3d 74, 80 (2d Cir. 2016), "is particularly deferential, and we will set aside only those sentences that are so shockingly high, shockingly low, or otherwise unsupportable as a matter of law that allowing them to stand would damage the administration of justice," *United States v. Muzio*, 966 F.3d 61, 64 (2d Cir. 2020) (internal quotation marks omitted).

Kyzer argues that his sentence of 324 months' imprisonment is substantively unreasonable for three reasons. First, he argues that his post-conviction sentence of 324 months' imprisonment improperly accounts for conduct already addressed by the consecutive sentence of 18 months' imprisonment imposed for his supervised release violation. Second, he argues that the post-conviction sentence is derived from U.S.S.G. § 2G2.2, which he argues is irrational, has been questioned by this Court, and results in excessive and arbitrary sentencing. Third, he argues that the district court failed to consider certain mitigating factors under 18 U.S.C. § 3553(a). Kyzer's arguments are unavailing.

First, Kyzer's post-conviction and post-revocation sentences do not constitute double-counting, because the same conduct can simultaneously be the basis for a new criminal conviction and a violation of supervised release. Indeed, the

4

Sentencing Guidelines advise, in a policy statement, that "[a]ny term of imprisonment imposed upon the revocation of probation or supervised release shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving, whether or not the sentence . . . *resulted from the conduct that is the basis of the revocation*." U.S.S.G. § 7B1.3(f) (emphasis added). Although Guidelines policy statements are not binding, it was not unreasonable for the district court to rely on the same offense conduct in imposing both sentences consecutively because one sentence was for the new conviction and the other was for the supervised release violation.[2] Furthermore, the district court's post-conviction and post-revocation sentences served two distinct purposes. During the sentencing on the conviction and the revocation of supervised release, the district court stated that its post-revocation sentence was "primarily" for Kyzer's "breach of trust" of the court, App'x at 174, while, in contrast, the district court's post-conviction sentence focused on Kyzer's "very high risk for recidivism," App'x at 161.

Second, Kyzer's reliance on our decisions raising concerns about the application of U.S.S.G. § 2G2.2, which governs the calculation of the offense level in child pornography cases, *see, e.g., United States v. Dorvee*, 616 F.3d 174 (2d Cir. 2010);

---

[2] Although we have not issued a precedential opinion on this issue, we have issued a number of summary orders relying on section 7B1.3(f) in affirming consecutive sentences. *See, e.g., United States v. Figueroa*, 822 F. App'x 7, 13 (2d Cir. 2020) (summary order) (affirming consecutive sentences based on the same conduct pursuant to section 7B1.3(f)); *United States v. Ukaegbu*, 523 F. App'x 793, 796 (2d Cir. 2013) (summary order) (same); *United States v. Frey*, 224 F. App'x 93, 94 (2d Cir. 2007) (summary order) (same).

5

*United States v. Jenkins*, 854 F.3d 181 (2d Cir. 2017), is misplaced given the seriousness of

Kyzer's conduct, *see Muzio*, 966 F.3d at 64-65 (distinguishing the "narrow circumstances"

of *Dorvee* and *Jenkins*, where neither defendant had any contact with children and both

received sentences at or near the statutory maximum).  Here, Kyzer had repeated and

sexually abusive physical contact with children.  He had two convictions for child

pornography, as well as supervised release violations for similar conduct.  He had an

"extensive" collection of child pornography, numbering "over 25,000 files" (some of

them "depict[ing] the sadistic rape of children").  App'x at 162.  Indeed, the district court

remarked on Kyzer's "unsupervised contact with minors," his "inability to control [his]

deviant interest in children despite numerous interventions," his "extensive history of

sexually abusing children," his "failure to accept any responsibility," and an "extremely

high" risk of reoffending that "will not decrease with age."  App'x at 162-63.  The district

court, which acknowledged that the Guidelines were "advisory," App'x at 162, engaged

in a "careful[]" and "individualized" assessment of the sentencing factors to arrive at a

sentence that was "sufficient, but not greater than necessary," *see Jenkins*, 854 F.3d at 190

(quoting 18 U.S.C. § 3553(a)(2)).

Third, "this Court presumes that the sentencing judge has considered all

relevant § 3553(a) factors and arguments unless the record suggests otherwise." *United*

*States v. Rosa*, 957 F.3d 113, 118 (2d Cir. 2020).  Kyzer's claim notwithstanding, this

"presumption certainly applies here, and is supplemented by the [district] court's

6

explicit statement," *id.*, that it "received and considered all of the information submitted to it, including the evidence presented at trial, the Presentence Investigation Report, . . . and factors outlined in 18 [U.S.C.] § 3553(a)." App'x at 161.

Accordingly, we find that the district court's imposition of the minimum applicable Guidelines sentence of 324 months' imprisonment did not amount to an abuse of discretion and was substantively reasonable.

\* \* \*

We have considered Kyzer's remaining arguments and conclude they are without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

7