12-5035-cr
*United States v. Chandler*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of November, two thousand and thirteen.

PRESENT:

    JOHN M. WALKER, JR.,
    JOSÉ A. CABRANES,
    RAYMOND J. LOHIER, JR.,
        *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,

    *Appellee,*

      -v.-                                     No. 12-5035-cr

ANDRE CHANDLER,

    *Defendant-Appellant.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

| | |
|---|---|
| **FOR DEFENDANT-APPELLANT:** | Barry D. Leiwant, Federal Defenders of New York, Inc., New York, NY. |
| **FOR APPELLEE:** | Jo Ann M. Navickas, Alicyn L. Cooley, Assistant United States Attorneys, *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, NY. |

Appeal from the judgment, entered November 16, 2012, of the United States District Court for the Eastern District of New York (Arthur D. Spatt, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the sentence of the District Court is **AFFIRMED** and the cause **REMANDED** for the sole purpose of allowing the District Court to amend the written judgment to satisfy its ministerial duty to memorialize the stated reasons for the sentence, as required by 18 U.S.C. § 3553(c)(2).

Defendant Andre Chandler appeals the judgment of the District Court insofar as it imposed a sentence principally of 24 months' imprisonment after a plea of guilty to two charges of violating the terms of his supervised release ("supervised release"). Chandler contends that the sentence imposed by the District Court was both procedurally and substantively unreasonable.

## BACKGROUND

In January 2003, Chandler pleaded guilty to possession with intent to distribute a substance containing cocaine base in an amount of five grams or more, in violation of 21 USC §§ 841(a)(1) and 841(b)(1)(B)(iii). On May 15, 2003, he was sentenced by Judge Spatt to 78 months' imprisonment and five years' supervised release. In April 2009, Chandler pleaded guilty to a separate offense of escape from the custody of the United States Attorney General, in violation of 18 U.S.C. § 751(a). He was sentenced by Judge Matsumoto to nine months' imprisonment and three years' supervised release, to be served concurrently with the term of supervised release imposed by Judge Spatt.

Chandler's term of supervised release commenced on April 17, 2009. On September 2, 2009, Chandler violated his supervised release by engaging in new criminal conduct. Specifically, he was arrested and pleaded guilty in New York state court to attempted criminal possession of a controlled substance in the fifth degree and attempted assault in the second degree.

After his release from state custody, Chandler was arrested for violation of his supervised release. He then pleaded guilty before the District Court to two violations of supervised release predicated on his September 2, 2009 offense conduct.

The United States Probation Office ("Probation Office") calculated Chandler's Guidelines range as eight to fourteen months. However, both the Probation Office and the Government recommended a sentence of three years, the statutory maximum.

At Chandler's sentencing, which was conducted the same day as his guilty plea, Judge Spatt imposed a sentence principally of 24 months' imprisonment, to be followed by supervised release for three years. The sentence imposed was ten months longer than the top of the range recommended by the applicable United States Sentencing Commission policy statement.

**DISCUSSION**

"Criminal sentences are generally reviewed for reasonableness, which requires an examination of the length of the sentence (substantive reasonableness) as well as the procedure employed in arriving at the sentence (procedural reasonableness)." *United States v. Chu,* 714 F.3d 742, 746 (2d Cir. 2013) (internal quotation marks omitted). As we have explained, "[a] district court commits procedural error where it fails to calculate (or improperly calculates) the Sentencing Guidelines range, treats the Sentencing Guidelines as mandatory, fails to consider the [18 U.S.C.] § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails adequately to explain the chosen sentence." *United States v. Robinson,* 702 F.3d 22, 38 (2d Cir. 2012) (citing *Gall v. United States*, 552 U.S. 38, 51 (2007)). A district court is said to err "substantively" only in exceptional cases, "where the trial court's decision cannot be located within the range of permissible decisions." *United States v. Cavera*, 550 F.3d 180, 189 (2d Cir. 2008) (en banc) (internal citation omitted). "[W]hen conducting substantive review, we take into account the totality of the circumstances, giving due deference to the sentencing judge's exercise of discretion, and bearing in mind the institutional advantages of district courts." *Id.* at 190.

Because Chandler did not object at sentencing to the District Court's alleged failure to explain its reasoning, we review his procedural challenge for "plain error." *United States v. Villafuerte*, 502 F.3d 204, 208 (2d Cir. 2007); *see Puckett v. United States*, 556 U.S. 129, 135 (2009) (explaining "plain error" review).

### A. "Procedural Unreasonableness"

Chandler contends the District Court erred by failing to state in open court, and in writing as part of its judgment, the specific reasons for imposing an above-Guidelines sentence, as required by 18 U.S.C. § 3553(c)(2).[1]

We have reviewed the transcript of the District Court's sentencing proceedings, and conclude that the explanation requirement of § 3553(c) has been sufficiently satisfied to preclude a finding of plain error.

---

[1] 18 U.S.C. § 3553(c) reads, in relevant part:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--
> > (1) is of the kind, and within the range, described in subsection (a)(4) and that range exceeds 24 months, the reason for imposing a sentence at a particular point within the range; or
> > (2) is not of the kind, or is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in a statement of reasons form issued under section 994(w)(1)(B) of title 28, . . . .

As a general rule, "we presume, in the absence of record evidence suggesting otherwise, that a sentencing judge has faithfully discharged her duty to consider the statutory factors." *United States v. Fernandez*, 443 F.3d 19, 30 (2d Cir. 2006). "Section 3553(c) requires no specific formulas or incantations; rather, the length and detail required of a district court's explanation varies according to the circumstances." *United States v. Cassesse*, 685 F.3d 186, 192 (2d Cir. 2012). Where, as here, a district court imposes an above-Guidelines sentence, a "higher descriptive obligation" is triggered. *Id.* at 193. However, the requirements of section 3553(c) have "likely been satisfied when a court's statements meet the goals 'of (1) informing the defendant of the reasons for his sentence, (2) permitting meaningful appellate review, (3) enabling the public to learn why the defendant received a particular sentence, and (4) guiding probation officers and prison officials in developing a program to meet the defendant's needs.'" *Id.* at 192–93 (quoting *Villafuerte*, 502 F.3d at 210).

Where, as here, a defendant is being sentenced for a violation of supervised release, § 3553(c)'s requirements are less onerous. We have held that where "'a court's statement of its reasons for going beyond non-binding *policy statements* in imposing a sentence after revoking a defendant's [supervised release] term need not be as specific as has been required when courts departed from *guidelines* that were, before *Booker*, considered to be mandatory.'" *United States v. Verkhoglyad*, 516 F.3d 122, 132–33 (2d Cir. 2008) (quoting *United States v. Lewis*, 424 F.3d 239, 245 (2d Cir. 2005)); *see also United States v. Hargrove*, 497 F.3d 256, 260–61 (2d Cir. 2007) ("We have drawn a sharp divide between initial sentencing and the revocation of supervised release with respect to the protections and safeguards available to the individual.").

Although the District Court arguably should have been more explicit about the connection between its view of the case and its decision to impose an above-Guidelines sentence, the record does not reflect plain error. The record shows that Judge Spatt was aware of the relevant Sentencing Commission policy statements and correctly calculated the advisory Guidelines range. At sentencing, he heard from the prosecutor, the probation officer, defense counsel, and the defendant himself. The facts on which the sentence was based were amply supported by the record. In imposing sentence, the District Court incorporated details of the specific violations of supervised release from Chandler's plea allocution, which had occurred just minutes before. Judge Spatt noted the "extremely violent" manner in which Chandler attempted to elude arrest, and characterized his conduct as "serious business." He also consulted the Probation Office's violation of supervised release report, and noted that Chandler had been unemployed since commencing supervision and his efforts at securing employment were poor. On the basis of this record, we conclude that the District Court adequately fulfilled its duties under § 3553(c), and the error, if any, was not "plain."

Although we conclude that the District Court adequately explained its reasons for the 24-month sentence it imposed, Chandler is correct that the District Court failed to comply with an additional requirement of § 3553(c)(2). Namely, the statute requires that the District Court state

4

"with specificity" and *in writing*, "the specific reason for the imposition of a sentence different from [the Guidelines sentence]." Where, as here, the District Court fails to do so, "[t]he principle . . . is that it is the better course—though not required—to remand when the district court does not strictly comply with 18 U.S.C. § 3553(c)(2)." *United States v. Elbert*, 658 F.3d 220, 224 (2d Cir. 2011); *see also United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006). Accordingly, we do not disturb the judgment or the sentence, but we "remand solely for the court to amend its written judgment to comply with section 3553(c)(2)." *United States v. Goffi*, 446 F.3d 319, 321–22 (2d Cir. 2006).

## B. "Substantive Unreasonableness"

Chandler also contends that the District Court erred by imposing a sentence that was greater than necessary to achieve the statutory goals of sentencing.

"Where, as here, we have identified 'no significant procedural error . . ., a reviewing court then considers the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard,' taking 'into account the totality of the circumstances, including the extent of any variance from the Guidelines range.'" *United States v. Rigas*, 583 F.3d 108, 121–22 (2d Cir. 2009) (omission in original) (quoting *Cavera*, 550 F.3d at 200 (Raggi, *J.,* concurring)). The District Court's 24-month sentence—10 months above the Guidelines range, but 12 months below the statutory maximum—is well within the range of permissible decisions in these circumstances. Considering the totality of the circumstances and the conduct that constituted Chandler's violation of supervised release, we cannot conclude that his sentence constitutes a "manifest injustice," "shock[s] the conscience," or is in any other way substantively unreasonable. *Id.* at 123–24 (internal quotation marks omitted).

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal. For the reasons set out above, we **AFFIRM** the judgment of the District Court, entered November 16, 2012, and **REMAND** the cause for the sole purpose of allowing the District Court to amend the written judgment to satisfy its ministerial duty to memorialize the stated reasons for the sentence, as required by 18 U.S.C. § 3553(c)(2).

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

5