17-1626-cr
United States v. Rivera

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of March, two thousand eighteen.

PRESENT: DENNIS JACOBS,
RICHARD C. WESLEY,
DEBRA A. LIVINGSTON,
              Circuit Judges.

- - - - - - - - - - - - - - - - - - - -X

United States of America,
       Appellee,

       -v.-                              17-1626-cr

Edwin Rivera,
       Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                 Louis M. Freeman, Freeman Nooter & Ginsberg (Andrew M. J. Bernstein, Bernstein, Clarke & Moskovitz, New York, New York, on the brief), New York, New York.

**FOR APPELLEE:**                    Sagar K. Ravi, Assistant United States Attorney, for George S. Berman, United States Attorney for the Southern District of New York (Daniel B. Tehrani, Assistant United States Attorney, on the brief), New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Buchwald, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED** in part and **REMANDED** for the limited purpose of appending a Statement of Reasons to the judgment of conviction.

Edwin Rivera appeals from the judgment of the United States District Court for the Southern District of New York revoking Rivera's term of supervised release and sentencing him to five years' imprisonment, which he challenges as procedurally unreasonable. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Edwin Rivera pled guilty in June 2011 to using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i), and was sentenced to a term of five years imprisonment followed by three years of supervised release. Rivera was released to supervision on October 16, 2014.

Shortly after he left the Government's custody, Rivera committed numerous supervised release violations. The report submitted by the Probation Office to Judge Buchwald documented four such violations: assault against his ex-girlfriend and her minor daughter; the state crime of criminal possession of a weapon; the federal crime of being a felon in possession of a firearm; and use of a controlled substance. After a hearing at which the Government offered physical evidence, recorded calls and correspondence, and the testimony of Rivera's probation officer and a police officer at the scene of the assault, Judge Buchwald entered findings that Rivera committed all four violations.

The Government recommended the statutory maximum term of imprisonment of five years. See 18 U.S.C. § 3583(e)(3). It emphasized the need for deterrence; the continuing threat Rivera posed to the public; and the severity of his violations, which included violence and repeat firearm offenses that were the subject of his original conviction. Rivera's counsel argued for a sentence of 12 months imprisonment.

The court was not convinced by Rivera's arguments that he sought to turn his life around, and explained that Rivera deserved the maximum sentence as he remained a "threat to society," who was "undeterred" from engaging in a wide range of criminal conduct. J. App'x at 78. Rivera did not object at sentencing to the court's findings or sentence. Appellant's Br. at 12.

On appeal, Rivera challenges the five year sentence as procedurally unreasonable. We review Rivera's procedural challenge for plain error. See United States v. Verkhoglyad, 516 F.3d 122, 128 (2d Cir. 2008) (citing United States v. Villafuerte, 502 F.3d 204, 208 (2d Cir. 2007)); Appellee's Br. at 17. Procedural reasonableness review considers whether the district court gave an adequate explanation of the sentence in compliance with 18 U.S.C. § 3553(a). Verkhoglyad, 516 F.3d at 128. However, "we will not assume a failure of consideration simply because a district court fails to enumerate or discuss each § 3553(a) factor individually." Id. at 131. "[W]e presume that a sentencing judge has faithfully discharged her duty to consider the statutory factors," and "do not require robotic incantations" with respect to each of the Section 3553(a) factors. United States v. Wagner-Dano, 679 F.3d 83, 89 (2d Cir. 2012) (internal quotation marks omitted).

Rivera contends that there was an "insufficient oral record or writ[ten] record[] to indicate[] that the district court considered the applicable policy statements" as required by Section 3553(c). Appellant's Br. at 16, 18; see 18 U.S.C. § 3553(c) ("The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence."). But the district court reviewed a thorough record and recited its reasons for adopting the maximum sentence, including considerations contemplated by the Section 3553(a) factors. Unlike the sentencing court in United States v. Lewis, 424 F.3d 239, 245 (2d Cir. 2005), which offered "no reasons at all" for imposing a 24-month

3

imprisonment term, the district court here provided context that justified its exercise of discretion to impose the maximum sentence: Rivera's status as a threat to society; the odious nature of his assault and nature and circumstances of his offenses; and the pattern of Rivera's prompt return to drug and firearm-related crimes after release from prison. J. App'x at 74-75, 78. We conclude that the sentencing judge "faithfully discharged her duty to consider" the § 3553(a) factors, and that nothing more was required. Wagner-Dano, 679 F.3d at 89; see also United States v. Goffi, 446 F.3d 319, 320-21 (2d Cir. 2006) (justifying a sentence solely on the grounds "of the criminal conduct that gave rise to the violation and the need to protect society").

Rivera makes the corollary argument that the district court committed procedural error by emphasizing certain factors and ignoring others. But there is no "require[ment] that a district court refer specifically to every factor in section 3553(a)." Goffi, 446 F.3d at 321. And Rivera offers no compelling reason to assume that the court arbitrarily considered some factors and not others. Judge Buchwald did consider counsel's arguments as to Rivera's substance abuse and family life, but was unpersuased. Rivera's procedural unreasonableness claim fails.

Finally, the Government has consented to a limited remand for the purpose of memorializing the stated reasons for sentencing. See 18 U.S.C. § 3553(c)(2). We grant remand for the court to perform this task. See Verkhoglyad, 516 F.3d at 134; United States v. Chandler, 543 F. App'x 78, 81-82 (2d Cir. 2013)(summary order).

For the foregoing reasons, and finding no merit in Rivera's other arguments, we hereby **AFFIRM** the judgment of the district court and **REMAND** for the limited purpose of appending a Statement of Reasons to the judgment of conviction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

4